UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY LONG,

                Petitioner,         Civ. No. 05-73211
                                                    Crim No. 04-80100
vs.                                                     Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S
§ 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on     January 23, 2008

      PRESENT: Honorable Gerald E. Rosen
                         United States District Judge

## I. INTRODUCTION

Petitioner Michael Anthony Long pled guilty to one count of felon-in-possession of a firearm on May 12, 2004. He was subsequently sentenced to 63 months imprisonment to be followed by three years supervised release. Long did not appeal his conviction or sentence. Instead, he filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence in which he makes two claims: (1) because his sentence was imposed pursuant to the mandatory nature of the Sentencing Guidelines and because those Guidelines are no longer mandatory, his sentence must be vacated; and (2)

1

because his sentence was increased based on prior convictions that were not found by a jury to exist beyond a reasonable doubt, his sentence violated the Sixth Amendment.

## II. DISCUSSION

A. PETITIONER HAS PROCEDURALLY DEFAULTED ON HIS CLAIMS

A § 2255 proceeding is not a substitute for a direct appeal. *See United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240 (1979). Accordingly, claims not raised on direct appeal generally may not be raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 503 123 S.Ct. 1690, 1693 (2003). If any issue could have been raised on direct appeal, the failure to raise it therein constitutes a procedural default and precludes review in a § 2255 proceeding unless the petitioner can demonstrate both "cause" for the procedural default <u>and</u> actual "prejudice," or that he is "actually innocent."' *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643-2644 (1986); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982). The "hurdle" a petitioner faces in excusing his procedural default is "intentionally high. . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Peveler v. United States*, 269 F.3d 693, 699-700 (6th Cir. 2001) (quoting *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir.2000)).

Petitioner Long does not contend that he is actually innocent nor would the record of this case support such a contention. Further, Petitioner has made no attempt in his materials to demonstrate cause or prejudice. With respect to the "cause" of his failure to

2

raise his claims in a direct appeal, all that Petitioner states is that he "was not aware of the direct consequences of the guilty plea." This one line explanation is simply insufficient to establish cause to excuse a procedural default. *See United States v. Keith*, 2000 WL 198448 (N.D. Ill. 2000). But even if it were, as indicated, Petitioner has made not showing whatsoever of actual prejudice. Both cause *and* actual prejudice must be established to excuse a procedural default. *See United States v. Frady, supra*.

B.     PETITIONER'S CLAIMS LACK LEGAL MERIT

However, even if Petitioner's claims were not been procedurally defaulted, on the merits they would fail.

First, with respect to Petitioner's claim that his sentence must be vacated because it was issued under a mandatory sentencing scheme that was overturned by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), it is settled that *Booker* does not apply retroactively to § 2255 motions. *See Humphress v. United States,* 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 546 U.S. 885 (2005); *Lang v. United States*, 474 F.3d 348, 353-57 (6th Cir. 2007).

With respect to Petitioner's second claim regarding the Court's consideration of prior convictions in sentencing him, Petitioner cannot demonstrate a Sixth Amendment violation because, as the Supreme Court reaffirmed in *Booker*, the fact of a prior conviction is *excepted* from the factfinding requirements of the Sixth Amendment. *See United States v. Paige*, 470 F.3d 603, 611 (6th Cir. 2006); *United States v. Bradley*, 400 F.3d 459, 462 (6th Cir.), *cert. denied*, 126 U.S.145 (2005); *United States v. Booker*, 543

3

U.S. at 244 ("Accordingly, we reaffirm our holding in *Apprendi* [*v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000) ]: Any fact (***other than a prior conviction***) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (Emphasis added.))

For the foregoing reasons, the Court finds that Petitioner Long has not established any constitutional violation to support vacating, setting aside, or correcting his sentence.

## CONCLUSION

For the reasons stated above in this Opinion and Order, the Court will deny Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealablity, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the motion to vacate. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Therefore,

4

a district court has the power to deny a certificate of appealability *sua sponte*. *See Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated in this Opinion and Order, the Court will deny Petitioner Long a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to his claims. The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## ORDER

Based upon the foregoing,

IT IS HEREBY ORDERED that Petitioner Long's § 2255 Motion to Vacate, Set Aside or Correct Sentence is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: January 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager